**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **WILLIE JAMES WIMBLEY, #116977** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) 2:06-CV-1078-MEF |
| | ) (WO) |
| **CHARLES HADLEY, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

**RESPONSE**

Come now the Respondents State of Alabama and Warden Charles Hadley, in the above styled cause, by and through undersigned counsel, and file this response, pursuant to this Honorable Court's Order of December 6, 2006. The Respondents state as follows:

1.    The Petitioner contends that he was granted parole on February 27, 2006; yet, he has not been released from the custody of the Alabama Department of Corrections and the confines of the Red Eagle Honor Farm.

2.    The undersigned has searched the docket system of the Alabama Department of Corrections' Legal Division and has not found any entry indicating that Petitioner filed for a petition for writ of habeas corpus as to this present matter, which would be handled by this office as it handles virtually all petitions for writ of habeas corpus involving prison matters.

The undersigned also searched Alacourt for any petitions filed by Petitioner and found that none have been filed.

The only petition that was filed by Petitioner was in the Escambia County Circuit Court, case number 96-381.60, which could not have addressed the matter before

this Court.

3.    The Respondents deny each and every allegation in Petitioner's complaint. Respondents contend that Petitioner has failed to fully exhaust his state remedies.

4.    The initial issue to be resolved in a federal habeas corpus case is whether the petitioner exhausted all available state remedies.  An application for a writ of habeas corpus will not be considered unless the applicant has exhausted all state remedies or unless circumstances exist which under such process ineffective.  28 U.S.C. §2254(b); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989).  This concept is a "codification of the federal judicial policy designed 'to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights.'" *Heath*, 863 F.2d at 818, quoting *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979).  In *Fay v. Noia*, 372 U.S. 391, 438 (1963), it was held that federal courts should allow the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' rights." *Heath*, 863 F.2d at 818.  This holding furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Sections 2254(c) states that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, …if he has the right under the law of the State to raise, by any available procedure, the question  presented." Pursuant to this rule, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the state courts for consideration.  *Picard v, Connor*, 404 U.S. 270, 275-78 (1971); *Heath*, 863 F.2d at 818.  If the claims have not properly been brought and exhausted in the state court system, it is well established that

the cause must be dismissed without prejudice to afford the petitioner the opportunity to bring the matter in state court and its available remedies. *Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985).  As stated in paragraph 2 above, Petitioner has not exhausted his state court remedies and this matter should be dismissed.

5.    Wherefore these premises considered, the Respondents pray that this Honorable Court will dismiss this petition for writ of habeas corpus that is before this Court without prejudice so as to afford Petitioner the opportunity to file his petition in the state court system.

Respectfully submitted this the 26th day of December, 2006.

Kim T. Thomas (THO115)
Deputy Attorney General
General Counsel

/s/ Tara S. Knee_____
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

**OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX: (334)353-3891

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Willie James Wimbley
AIS #116977
Red Eagle Honor Farm
1290 Red Eagle Road
Montgomery, Alabama 36110

/s/ Tara S. Knee
Tara S. Knee (KNE003)
Assistant Attorney General
Assistant General Counsel

4