IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIE JAMES WIMBLEY, #116 977    *

    Petitioner,    *

    v.    *    2:06-CV-1078-MEF
                                                   (WO)

CHARLES HADLEY, *et al.*,    *

    Respondents.    *

_____

**ORDER**

This case is before the court on Petitioner's writ of habeas corpus. Petitioner contends that the Alabama Board of Pardons and Paroles granted him parole on February 27, 2006. He complains, however, that he has not yet been released from the custody of the Alabama Department of Corrections.

Pursuant to the orders of the court, Respondents filed a response to the instant petition. Respondents maintain that the instant petition should be dismissed because Petitioner has not exhausted his claims through the state courts. (Doc. Nos. 7, 8.)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." *See* 28 U.S.C. § 2254(1)(b)(1)(A). Although § 2241 does not explicitly require exhaustion of state or administrative remedies for habeas petitions, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. *See Braden v. 30th*

*Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-92 (1973); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The exhaustion requirement is based on principles of comity, requiring Petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).

Upon review of the pleadings filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before January 23, 2007 Petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

DONE, this 9th day of January 2007.

       /s/Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE