IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIE JAMES WIMBLEY, #116 977 | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-1078-MEF (WO) |
| CHARLES HADLEY, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Petitioner Willie Wimbley ("Wimbley"), an inmate incarcerated at the Red Eagle Honor Farm in Montgomery, Alabama, filed this 28 U.S.C. § 2241 petition on December 5, 2006.  Wimbley alleges that the Alabama Board of Pardons and Paroles granted him parole on February 27, 2006 but complains that he has not yet been released from the custody of the Alabama Department of Corrections.

Pursuant to court order, Respondents filed an answer to the petition on December 26, 2006, wherein they maintain that the present petition is due to be dismissed because Wimbley has failed to exhaust available state remedies.  (Doc. Nos. 7, 8.)  The court afforded Wimbley an opportunity to show cause why his petition should not be dismissed.  (Doc. No. 9.)  He has filed no response. Upon review of the petition and Respondents' answer, the court concludes that the instant habeas corpus action should be dismissed because Wimbley has

failed to exhaust state remedies with respect to the claims raised therein.

## II. DISCUSSION

Jurisdiction over an action filed under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973).  Before a petitioner may file a petition seeking habeas relief in federal court, however, the petitioner must exhaust each claim presented to the federal court through remedies available in state court.  Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, *i.e.*, those who are "in custody pursuant to the judgment of a State court. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *Id*. (*citing O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

It is clear from the undisputed pleadings filed herein that Wimbley has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition.  This court does not deem it appropriate to rule on the merits of Wimbley's claims for relief without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(1)(A).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas

corpus relief should be dismissed without prejudice in order to allow Wimbley to pursue his available state court remedies.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 12, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

DONE, this 30th day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE